IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VILLMER LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. AND FACEBOOK TECHNOLOGIES, LLC.<br><br>    Defendants. | C.A. No. 18-1952 (RGA)<br><br>DEMAND FOR JURY TRIAL |

[~~PROPOSED~~] SCHEDULING ORDER

This 26 day of April 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS ORDERED that:

1. Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within 30 days of the date of this Order.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before September 13, 2019, except with respect to inequitable conduct, which shall be filed on or before June 12, 2020.

---

[1] For the Court's convenience, the parties attach, as Exhibit A, a chart setting forth the schedule proposed by the parties.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before August 13, 2020.

    b. <u>ESI Related Initial Disclosures</u>. On or before June 28, 2019, the parties agree to exchange lists identifying potential custodians most likely to have discoverable information, lists of non-custodial data sources that are most likely to contain discoverable information, and identification any issues pursuant to Paragraph 3(c)(i)-(iii) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). The parties agree to meet and confer prior to the exchange on June 28, 2019 in order to determine the number of potential custodians to be identified by the parties.

    c. <u>Initial Patent Discovery</u>.

        i. On or before May 24, 2019, Plaintiff shall specifically identify the accused product(s), including accused methods and systems, the asserted patent(s) and a preliminary identification of the asserted claim(s) that the accused product(s) allegedly infringe(s), and its damages model. Plaintiff shall also produce the file history for each asserted patent.

        ii. On or before July 12, 2019, Defendants shall produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

        iii. On or before August 23, 2019, Plaintiff shall produce initial claim chart(s) relating to each known accused product to the asserted claims each such product allegedly infringes.

        iv. On or before October 4, 2019, Defendants shall produce to plaintiff

initial invalidity contentions for each asserted claim, as well as the related allegedly invalidating references (*e.g.*, publications, manuals, and patents).

        d.      <u>Document Production</u>. Document production shall be substantially complete by January 15, 2020.

        e.      <u>Requests for Admission</u>. A maximum of 25 requests for admission are permitted for each side, not including requests related to authenticity (subject to an undue burden objection).

        f.      <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

        g.      <u>Depositions</u>.

            i.      <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination of fact witnesses. Each fact witness deposition shall be limited to seven (7) hours, with the exception of Mr. Jason Villmer. The parties will meet and confer and determine the length of Mr. Villmer's deposition at a later date, which shall not exceed 14 hours, in the event Mr. Villmer is designated as both a corporate representative of Plaintiff and is also to be deposed in his individual capacity as the named inventor of the patent-in-suit.

            ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      h.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from

finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before November 6, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before November 20, 2019, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging their lists of proposed constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 4, 2019. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the

intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

    8.    <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on January 22, 2020. The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages on February 20, 2020. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on March 19, 2020. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on April 16, 2020. No later than April 30, 2020, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their un-filed briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

    1.    Plaintiff's Opening Position

    2.    Defendants' Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendants' Sur-Reply Position

B.    [TERM2]

    1.    Plaintiff's Opening Position

    2.    Defendants' Answering Position

    3.    Plaintiff's Reply Position

   4.  Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

   9.  <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on May 28, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

   10.  <u>Disclosure of Expert Testimony</u>.

     a.  <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before September 13, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before October 15, 2020. Reply expert reports from the party with the initial burden of proof are due on or before November 19, 2020. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before December 18, 2020.

     b.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise

ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 14, 2021. Answering briefs shall be due on or before February 16, 2021. Reply briefs shall be due on or before March 16, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On May 14, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three

page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on June 1, 2021, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

## EXHIBIT A: JOINT PROPOSED SCHEDULE

| Event | Date |
|---|---|
| Fed R. Civ. P. 26(a)(1) Initial Disclosures | 30 days after entry of Scheduling Order |
| ESI Related Initial Disclosures (List of custodians, list of non-custodial data sources, and identification of Section 3(c)(i)-(iii) issues) | June 28, 2019 |
| Deadline to submit Protective Order | 30 days after entry of Scheduling Order |
| Deadline to join parties; deadline to amend or supplement pleadings, except with respect to inequitable conduct (60 days before close of fact discovery) | September 13, 2019 |
| Plaintiff's Initial Patent Discovery – 4(a) Disclosures [Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) and a preliminary identification of the asserted claim(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.] | May 24, 2019 |
| Defendant's Initial Patent Discovery – 4(b) Disclosures [Defendants shall produce core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.] | July 12, 2019 |
| Plaintiff's Initial Infringement Contentions – 4(c) Disclosures [Plaintiff shall produce initial claim charts relating each known accused product to the asserted claim(s) each such product allegedly infringes.] | August 23, 2019 |
| Defendant's Initial Invalidity Contentions – 4(d) Disclosures [Defendants shall produce initial invalidity contentions for each asserted claim, as well as the related allegedly invalidating references (e.g., publications, manuals, and patents).] | October 4, 2019 |
| Exchange list of terms | November 6, 2019 |
| Exchange list of proposed constructions for identified terms | November 20, 2019 |
| Joint Claim Construction Chart | December 4, 2019 |
| Substantial completion of document production | January 15, 2020 |
| Plaintiff Opening Claim Construction Brief | January 22, 2020 |
| Defendant Serves Responsive Claim Construction Brief | February 20, 2020 |
| Plaintiff Serves Reply Claim Construction Brief | March 19, 2020 |
| Defendant Serves Surreply Claim Construction Brief | April 16, 2020 |
| Parties File Joint Claim Construction Brief | April 30, 2020 |
| Markman Hearing | May 28, 2020 |

| Event | Date |
|---|---|
| Close of fact discovery | August 13, 2020 |
| Opening Expert Reports | September 13, 2020 |
| Rebuttal Expert Reports | October 15, 2020 |
| Reply Expert Reports | November 19, 2020 |
| Close of Expert Discovery | December 18, 2020 |
| MSJ/Daubert Opening Briefs (i.e., deadline to file opening briefs; no FRCP 56 motion may be filed more than 10-days before this date without leave of Court) | January 14, 2021 |
| MSJ/Daubert Answering | February 16, 2021 |
| MSJ/Daubert Reply Briefs | March 16, 2021 |
| Oral Argument on MSJ/Daubert | TBD |
| Joint Proposed Final Pretrial Order (includes motions *in limine*) | May 11, 2021 |
| Pretrial Conference | May 14, 2021 |
| 5-day Jury Trial | June 1, 2021 |